```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
UNITED STATES OF AMERICA                                          :
                                                                  :
                -v-                                               :     21-CR-564 (JMF)
                                                                  :
JAIRO DEJESUS,                                                    :     MEMORANDUM OPINION
                                                                  :            AND ORDER
                                Defendant.                        :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On September 12, 2023, Defendant filed a motion, pursuant to 18 U.S.C. § 3582(c)(2), for a reduction of his sentence pursuant to Amendment 821 to the United States Sentencing Guidelines, which went into effect on November 1, 2023, and applies retroactively. *See* ECF No. 60. "In determining whether, and to what extent, a reduction in the defendant's term of imprisonment . . . is warranted" pursuant to Amendment 821, the Court must first "determine the amended guideline range that would have been applicable to the defendant if" the Amendment "had been in effect at the time the defendant was sentenced." U.S.S.G. § 1.10(b)(1). U.S.S.G. § 1B1.10(b)(2)(A) then provides that, with an exception not relevant here, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." Thus, if a defendant was originally sentenced to a term of imprisonment that falls below the low end of the Guideline range, as amended, the defendant is ineligible for a reduction under Section 3582(c)(2). *See, e.g.*, *United States v. Young*, 998 F.3d 43, 46 n.1 (2d Cir. 2021).

In light of the foregoing, Defendant is ineligible for a reduction in his sentence. At sentencing, Defendants' offense level was 36 and his Criminal History Category was I, yielding

a Guidelines range of 188 to 235 months' imprisonment.  *See* ECF No. 58, at 12.  Had Amendment 821 been in effect, Defendants' offense level would have been 34 (because he would have qualified for the "zero-point offender" adjustment in U.S.S.G. § 4C1.1) and his Guidelines range would have been 151 to 188 months' imprisonment.  *See* U.S.S.G. Ch. 5, Pt. A.  His sentence of 144 months' imprisonment, however, fell below the low end of that range.[1]

For the foregoing reasons, Defendants' motion is DENIED.  The Clerk of Court is directed to terminate ECF No. 60 and to mail a copy of this Memorandum Opinion and Order to:

>   Jairo De Jesus
>   Register No. 60327-509
>   FMC Devens
>   P.O. BOX 879
>   Ayer, MA 01432

SO ORDERED.

Dated: November 2, 2023
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[1]  In his motion, Defendant mistakenly asserts that his original Guidelines range was 151 to 188 months' imprisonment and that his amended Guidelines range would be 108 to 135 months' imprisonment.  *See* ECF No. 60, at 3.